óJP.^BE'CotfRT, M
JüDGE O’wSLEÍ'.
VjijlMjJ^f\yása "bill in chancery, with injunctiop.c^gpjn'st ftiíéJent'at-láw recovered by Hackley, exhibited in fellow by Baltzell. .
|he-'bill v^s'lodged with the clerk of the Franklin; fekcotiitf on the 16th of March,-1822', and. a Issued' thereon- against the defendants, Hackley, &c, ^fiítijso’abledo the March term. .
hiflS^the 19th of J une, 1822, the joint answer of the ^aW-hts was-lodged with the clerk; and at the. J;uíy iétfn, (being the-first term after that Iq w-hich .the 'péepa. was made returnable,) was noted oh the order "book as tiled, ‘ '
a-subsequent day of the same July term,!a motion W$s>made to dissolve the injunction obtained .by. B.alt-•ztejlf and the injunction was thereafter, at the-same.term, -dissolved, together with damages and,the..costs of Rje jt\ót-ietn. And on a subsequent day of the .same,term, tfae*'fol\aW'ing Order and decree was mad.e -by the .court, towyit-: f'-vThe court being now sufficiently advised artd con'cerning the premises herein, do order and decree that the complainant’s bill bejand the same is here-S)|í>dismissed; and it is further ordered, that tlje^de-ifendants recover of the complainant their costs by,,them ía-.&oüt their defence herein expended.” . , ■
' .-(Eoireverse that decree, Baltzell has prosecuted this - error. , . -
■ ‘»4fc is..objected by the assignment of errors, that the drill.iyas prematurely dismissed.
" oFrom the preceding statement, it will be perceived ,t*Ratflie- decree dismissing the bill was pronounced-by the c-ourt at the next term after the subpoena was returned, and -at the same term that the defendants-’ answers -were filed; and the objection is takenffipon the supposition, th-at the cause could not, at that term, be finally heard ;md decided on. ,
"dt would, no doubt, be competent for the court(%y thfe'consent of the parties, to hear and finally decide a sui’Cfn ctía-ncery, at the same term that an iss.ue is made ■ up,; -but unless such consent hq either tacitly or'express *130 ly .given, the cause ca'nnot, in 'strict propriety, be heard an(i finally determined until the next telto; «; s, • ,
. The twentieth section of ttfe act of the legislature of this country, concerning suits at law and in chancery, 1 Dig. Stat. 285, is explicit upon this subject, • ,After requiring an issue tobe made up in suits in.cJjapGeii.y th'e first term next after the subpceha is returned,executed, the section provides, “ if the issue be made, up by bill^^iswerand replication, or the like, whereby depositions are to be taken, the cause shall staqd fonhearct ing at the next term after the issue is made , up.”, .m’ cording to the clear and unambiguous import of qplF provision, the cause did not legally stand for hearing. a% the term it was finally dqcided on by the court;.and there is nothing contained in the record from which the consent of the complainant that the cause might then be decided, can be inferred. The record shows,that the motion to dissolve the injunction, came on to be heard upon the argument of counsel, as it was ‘regular ■ for it tobé; but there is no suggestion in the record, of the cause having ever come on to be finally heard on argument, and there is nothing to show' in what way the court came possessed of the cause, when the final decree was pronounced. It is. probable, that after dis~. solving the injunction, the court, without further suggestion from the parties, being satisfied the complaita-ants were not entitled to relief, pronounced the final decree dismissing their bill. In doing so, however, the qoutt; acted prematurely; and for that cause, the decree dismissing the bill must be reversed with costs, tfie cause remanded, and further proceedings be had, not inconsistent with this opinion.